UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES FARMER, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 1:15-cv-00397-TWP-DML |
| SUPERINTENDENT, New Castle Correctional Facility, | ) | |
| Respondent. | ) | |

**Entry and Order to Show Cause**

This is an action brought by a state prisoner seeking a writ of habeas corpus. A state prisoner seeking such a writ bears the burden of demonstrating that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The petitioner's custodian is substituted as the sole respondent as shown in the caption of this Entry.

**A.**

It is appropriate to note that the scope of federal habeas review is limited. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010). "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. . . . It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* (internal citations and quotations omitted). A viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *Id.* "To say that a petitioner's claim is not cognizable on habeas review is thus another way

of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

**B.**

Applying the foregoing principle, the third, fourth, fifth, sixth, seventh and eighth claims of habeas petitioner James Farmer are summarily dismissed as non-cognizable pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* Similarly, the portions of habeas claims one and two are summarily dismissed to the extent that they rely on the asserted violation of the Indiana Constitution.

**C.**

No final judgment shall issue at this time as to the claims(s) dismissed in Part II.B. of this Entry.

Except as limited by paragraph B. of this Entry, the respondent is directed to answer the allegations of the petition for writ of habeas corpus and in doing so shall **show cause** why the relief sought by the petitioner should not be granted **as to those claims.** This shall be done within **twenty (20) days** after the date this Entry is signed. The respondent's return to order to show cause and any similar memorandum shall incorporate the court's hyperlink tool.

The petitioner shall have twenty (20) days after service of such answer or return to order to show cause on him in which to reply.

A copy of this Entry and Order to Show Cause shall be sent to the Indiana Attorney General through a Notice of Electronic Filing ("NEF") generated by the court's CM/ECF case management system. The Indiana Attorney General has previously been provided with a copy of the habeas petition itself.

IT IS SO ORDERED.

Date: 5/26/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES FARMER
854529
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

habeas@atg.in.gov