**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JAMES FARMER,                             ) | |
|                          Petitioner,     ) | |
|                          v.            ) | Case No. 1:15-cv-00397-TWP-DML |
| SUPERINTENDENT, New Castle Correctional Facility,                    ) | |
|                        Respondent.    ) | |

## ENTRY DISMISSING ACTION AND DIRECTING ENTRY OF FINAL JUDGMENT

This matter is before the Court on the Petition for Writ of Habeas Corpus filed by James Farmer ("Farmer"), an Indiana prisoner. Having considered Farmer's petition, the other pleadings and the expanded record, and being duly advised, the Court now finds that Farmer's petition must be denied. The Court also finds that a certificate of appealability should not issue.

These conclusions rest on the facts and circumstances explained below.

## I. DISCUSSION

Farmer pled guilty to a drug offense and to a related offense in an Indiana trial court. He was sentenced on May 17, 2011 and is now serving the executed portion of that sentence. Farmer filed an action for post-conviction relief on March 26, 2012. The requested relief was denied by the trial court and Farmer's appeal was dismissed as untimely. Farmer then sought leave to file a belated appeal. That request was denied.

The filing of this action followed. Applying the prison mailbox rule, the petition is considered to have been filed on March 4, 2015. Based on the Court's initial review of the habeas

petition, certain claims were dismissed as non-cognizable and the Respondent was directed to show cause why the requested relief should not be granted as to the remaining claims.

The Respondent argues that the merits of Farmer's habeas claims should not be reached because Farmer failed to file the action within the time permitted by the applicable statute of limitations and because Farmer committed procedural default by not properly and fully presenting his habeas claims to the Indiana state courts before filing his federal habeas petition.

"We live in a world of deadlines." *Spears v. City of Indianapolis,* 74 F.3d 153, 157 (7th Cir. 1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). One such provision provides that "a state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012) (quoting 28 U.S.C. § 2244(d)(1)(A)). Other provisions of the statute of limitations are not applicable to Farmer's case.

A conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987). Farmer's convictions were final on June 16, 2011. This was the last day on which he could have filed a direct appeal. Accordingly, Farmer had one year from that date, or through June 17, 2012, to seek federal habeas relief. The running of the statute of limitations was tolled while his action for post-conviction relief was pending between March 26, 2012, and the dismissal of his appeal as untimely on December 6, 2014. *See Gray v. Briley,* 305 F.3d 777, 778 (7th Cir. 2002) (pursuant

to 28 U.S.C. § 2244(d)(2), the one-year period "is tolled while a 'properly filed' application for post-conviction review is pending in state court").

At the time Farmer's direct appeal was dismissed, the statute of limitations began to run again and Farmer had 82 days left in the one-year period. That period expired on February 25, 2015. As already noted, he did not file by that date and the filing of the action on March 4, 2015 occurred several days after the statute of limitations had expired. Because the habeas action was not timely filed, the Court cannot reach the merits of Farmer's habeas claims.

The Respondent is also correct that Farmer committed procedural default by not perfecting his appeal from the denial of post-conviction relief. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999) (holding that "a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not properly exhausted the claims for purposes of 28 U.S.C. § 2254(b)(1), and that the habeas petitioner's failure to present her "claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."); *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) ("[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'") (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)); *Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir. 1996) ("Forfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court.").

"A federal court may excuse a procedural default if the habeas petitioner establishes that (1) there was good cause for the default and consequent prejudice, or (2) a fundamental miscarriage

of justice would result if the defaulted claim is not heard." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (internal citations omitted).

Although Farmer filed a reply to the Respondent's return to order to show cause, he did not acknowledge his procedural default and thus has not shown the existence of circumstances permitting him to overcome that default—nor does the Court discern a basis on which he could do so. He obliquely acknowledges the statute of limitations argument, but simply states in response: "As far as going seven (7) days past my filing date, look how many times the Petitioner would file something that the Court would take under advisement and then later deny." In using the term "the Court," Farmer is referring to the Indiana state courts, not this federal habeas court. This comment contains no logical explanation for ignoring the statute of limitations and does not identify error in its computation as set forth in this Entry.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Farmer has encountered the hurdles produced by the one-year statute of limitations and by the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome these hurdles. His petition for a writ of habeas corpus is therefore **denied** without a decision being made as to the merits of his claims. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

## II.   CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell,* 537 U.S. 322, 335 (2003); *Peterson v. Douma,* 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254

proceedings, and 28 U.S.C. § 2253(c), the Court finds that Farmer has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   The Court therefore **denies** a certificate of appealability.

### III.  <u>CONCLUSION</u>

For the reasons state above, Farmer's Petition for Writ of Habeas Corpus must be **DENIED** and the action **DISMISSED**.  Further, the Court hereby **DENIES** a certificate of appealability. Judgment consistent with this Entry shall now issue.

.

**SO ORDERED.**

Date:  10/13/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

James Farmer, 854529
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana  47362

Kelly A. Midlos
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.miklos@atg.in.gov